```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
 8                         EASTERN DISTRICT OF CALIFORNIA
 9
10   DENNIS L. PARKER,              )
                                    )
11                                  )   2:06-cv-0340-GEB-KJM
                         Plaintiff, )
12                                  )   ORDER
          v.                        )
13                                  )
     YUBA COUNTY WATER DISTRICT,    )
14                                  )
                                    )
15                       Defendant. )
                                    )
16
```

17          On February 17, 2006, Plaintiff filed a motion for a
18  temporary restraining order ("TRO") against Defendant under Rule 65(b)
19  of the Federal Rules of Civil Procedure.  Plaintiff contends he will
20  suffer irreparable injury if Defendant hires a new incumbent for the
21  General Manager position Plaintiff previously occupied and to which he
22  seeks to be reinstated.  Defendant filed an opposition.
23          The standard for granting a temporary restraining order is
24  similar to the standard for granting a preliminary injunction.  Cf.
25  Los Angeles Unified Sch. Dist. v. U.S. Dist. Ct. for Cent. Dist. of
26  Cal., 650 F.2d 1004, 1008 (9th Cir. 1981) (standard for preliminary
27  injunction is at least as strict as that for a TRO) (Ferguson, J.,
28  dissenting).  To obtain a TRO, Plaintiff must show "either: (1) a

                                       1

1  combination of probable success on the merits and the possibility of
2  irreparable harm; or (2) that serious questions are raised and the
3  balance of hardships tips in [his] favor." <u>Preminger v. Principi</u>, 422
4  F.3d 815, 823 (9th Cir. 2005); <u>Oakland Tribune, Inc. v. Chronicle Pub.</u>
5  <u>Co., Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  The alternative
6  formulations do not constitute two separate tests, but rather
7  "represent two points on a sliding scale in which the required degree
8  of irreparable harm increases as the probability of success
9  decreases."  <u>Miller v. Cal. Pac. Med. Ctr.</u>, 19 F.3d 449, 456 (9th Cir.
10 1994).  However, "[u]nder any formulation of the test, [the moving
11 party] must demonstrate that there exists a significant threat of
12 irreparable injury." <u>Oakland Tribune</u>, 762 F.2d at 1376; <u>Dollar Rent A</u>
13 <u>Car of Washington, Inc. v. Travelers Indem. Co.</u>, 774 F.2d 1371, 1374
14 -75 (9th Cir. 1985) ("An essential prerequisite to the granting of a
15 preliminary injunction is a showing of irreparable injury to the
16 moving party in its absence.").
17         Plaintiff has not shown he will suffer irreparable injury if
18 Defendant hires a new incumbent for the General Manager position since
19 "Title VII clearly authorizes the bumping of innocent incumbents."
20 <u>Lander v. Lujan</u>, 888 F.2d 153, 158 (D.C. Cir. 1989).  <u>See also</u> <u>Brewer</u>
21 <u>v. Muscle Shoals Bd. of Educ.</u>, 790 F.2d 1515 (11th Cir. 1986)
22 (permitting bumping of innocent third parties to remedy Title VII
23 violations) <u>and</u> <u>Kunzler v. Rubin</u>, No. 98-1294, 2001 WL 34053243, at
24 *10 (D. Ariz. Sept. 27, 2001) (discussing <u>Lander</u> with approval and
25 ///
26 ///
27 ///
28 ///

```
 1 | permitting bumping of innocent third parties).  Therefore, Plaintiff's
 2 | motion for a TRO is denied.
 3 |           It is so ordered.
 4 | Dated:  February 22, 2006
 5 |
 6 |                                    /s/ Garland E. Burrell, Jr.
   |                                    GARLAND E. BURRELL, JR.
 7 |                                    United States District Judge
```