1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

DENNIS L. PARKER,                    )
10                                   )      02:06-cv-0340-GEB-KJM
                        Plaintiff,   )
11                                   )
        v.                           )      ORDER*
12                                   )
YUBA COUNTY WATER DISTRICT,          )
13                                   )
                        Defendant.   )
14   _____)

15          Plaintiff moves for partial summary judgment under Federal

16   Rule of Civil Procedure 56(b).[1]  In response, Defendant requests a

17   Rule 56(f) continuance.  For the reasons discussed below, the request

18   for a continuance is granted.

19          "Federal Rule of Civil Procedure 56(f) provides a device for

20   litigants to avoid summary judgment when they have not had sufficient

21   time to develop affirmative evidence."  United States v. Kitsap

22   Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).  "A party

23   requesting a continuance pursuant to Rule 56(f) must identify by

24   affidavit the specific facts that further discovery would reveal, and

25

26          *      This motion was determined to be suitable for decision
27   without oral argument.  L.R. 78-230(h).

28          [1]      All subsequent references to "Rules" are to the Federal
     Rules of Civil Procedure.

1

explain why those facts would preclude summary judgment." <u>Tatum v.</u>
<u>City and County of S.F.</u>, 441 F.3d 1090, 1100 (9th Cir. 2006).
If the affidavit reveals "a continuance is needed to obtain facts
essential to preclude summary judgment," then "a district court should
continue [the] summary judgment motion." <u>State of Cal. v. Campbell</u>,
138 F.3d 772, 779 (9th Cir. 1998).

        In his motion for summary judgment, Plaintiff argues he is
entitled to judgment as a matter of law on his due process claim
because "there is no genuine dispute regarding any fact material to
that issue . . . ." (Pl.'s Not. of Mot. at 1-2.)  Plaintiff asserts
he "worked pursuant to a contract providing that he would not be fired
without a valid reason," but Defendant fired him "without having
engaged in any meaningful procedures designed to provide [him] with
notice and a fair hearing on the subject of his dismissal." (Pl.'s
Compl. ¶ 15; Pl.'s Mem. of P. & A. at 2.)

        Defendant argues it cannot adequately respond to these
allegations without deposing Plaintiff, his physician, and certain
members of the Yuba County Water District Board of Directors. (Def.'s
Mot. for a Continuance at 2.)  Plaintiff rejoins that Defendant "fails
to specifically identify any relevant information [it] expects to
elicit from any of the individuals it[] . . . desires to depose."
(Pl.'s Opp'n to the Mot. to Continue at 3.)  However, Defendant
identified "an abundance of information that [could] show that the
termination of Plaintiff was factually and procedurally handled
correctly," including whether "Plaintiff . . . ha[d] a contract
governing his employment[,]" whether Plaintiff was an "at-will
employee[,]" and whether "Plaintiff abandoned his job." (Def.'s Mot.
for a Continuance at 3-5.)

 1           Therefore, since Defendant has demonstrated discovery is

 2    needed to obtain facts essential to preclude summary judgment, but no

 3    discovery beyond the initial disclosures has been conducted, the

 4    motion for a continuance is granted.  Burlington N. Santa Fe R.R. Co.

 5    v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767,

 6    773 (9th Cir. 2003) (stating a district court should grant a rule

 7    56(f) motion "fairly freely" if a party has not "had any realistic

 8    opportunity to pursue discovery relating to its theory of the case").

 9    Accordingly, the hearing on Plaintiff's motion for summary judgment is

10    continued to February 5, 2007, at 9:00 a.m.  Any opposition to the

11    motion for summary judgment shall be filed no later than January 22,

12    2007; any reply shall be filed no later than January 29, 2007.

13           IT IS SO ORDERED.

14    Dated:  August 21, 2006

15
                                    /s/ Garland E. Burrell, Jr.
16                                  GARLAND E. BURRELL, JR.
                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28