IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS L. PARKER,                        )
                                         )        02:06-cv-0340-GEB-KJM
                      Plaintiff,         )
                                         )
        v.                               )        ORDER*
                                         )
YUBA COUNTY WATER DISTRICT,              )
                                         )
                      Defendant.         )
_____)

        Defendant moves for summary judgment on Plaintiff's federal
claims and moves to dismiss his remaining state claims for lack of
subject matter jurisdiction.  Plaintiff opposes the motion.

                              BACKGROUND

        Plaintiff Dennis Parker ("Plaintiff") worked as the General
Manager of the Yuba County Water District ("the District") from
approximately 1984 until his employment was terminated in late 2005.
(Pl.'s Statement of Undisputed Facts ("SUF") ¶¶ 3-4.)  After his
termination, he brought this action against the District asserting
claims for disability discrimination under the Americans with
Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., retaliation under
Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

_____

        *       This motion was determined to be suitable for decision
without oral argument.  L.R. 78-230(h).

                                  1

1  §§ 2000e, et seq., and denial of procedural due process under 42

2  U.S.C. § 1983 ("section 1983").  (Pl.'s Am. Compl. ¶¶ 13, 15-17.)

3  Plaintiff also asserts state claims for disability discrimination

4  under the California Fair Employment and Housing Act, California

5  Government Code § 12940, breach of contract, intentional infliction of

6  emotional distress, hostile work environment, and wrongful termination

7  in violation of public policy.[1]  (Id. ¶¶ 14, 18-23.)

8                           DISCUSSION[2]

9  I.  ADA

10         The District argues Plaintiff cannot maintain an ADA

11  discrimination claim because the District "did not have the statutory

12  minimum number of employees required to qualify as a covered employer

13  under the ADA."  (Def.'s Mot. at 3.)  Under the ADA, a "covered

14  entity" cannot discriminate against an individual with a disability on

15  the basis of his disability.  42 U.S.C. § 12112(a).  The term "covered

16  entity" includes an "employer."  Id. § 12111(2).  The ADA defines an

17  employer as "a person engaged in an industry affecting commerce who

18  has [fifteen] or more employees for each working day in each of

19  [twenty] or more calendar weeks in the current or preceding calendar

20  year," and defines an employee as "an individual employed by an

21  employer."  Id. § 12111(4), (5)(A).  Consequently, Plaintiff may

22  maintain an ADA discrimination claim against the District only if the

23

24        [1]    Plaintiff does not specify whether his hostile work
   environment claim is brought under Title VII, the California Fair
25  Employment and Housing Act, or some other state statute.  (See Pl.'s
   First Am. Compl. ¶ 21.) Since the parties treat the hostile work
26  environment claim as a state claim, it is assumed for the purposes of
   this motion that this claim is based on state law.
27

28        [2]    The standards applicable to motions for summary judgment
   are well known and need not be repeated here.

                              2

1 District employed fifteen or more employees in 2005, the year the

2 alleged discrimination took place, or in 2004, the preceding year.

3 Clackamas Gastroenterology Assocs. v. Wells, 538 U.S. 440, 441-42

4 (2003).  Since Plaintiff concedes the District employed a maximum of

5 thirteen individuals in 2004, (SUF ¶¶ 13-14, 16, 19), the District

6 must have employed fifteen or more individuals in 2005 for the ADA to

7 be applicable.[3]

8          In 2005, the District employed ten individuals on either a

9 full or part-time basis during twenty or more weeks.  (SUF ¶¶ 7-8.)

10 The District and Plaintiff agree these ten individuals should be

11 considered employees for purposes of the ADA.[4]  (Def.'s Mot. at 9-10;

12 Pl.'s Opp'n at 1.)  However, the parties disagree as to whether the

13 five members of the Yuba County Water District Board of Directors

14 ("Board of Directors") should be considered "employees" as that term

15 is defined under the ADA.  (Def.'s Mot. at 7; Pl.'s Opp'n at 2.)  The

16 District argues the Board of Directors are not employees because these

17 individuals "did not have an employment relationship with [the

18 District]."  (Def.'s Mot. at 9.)  Plaintiff rejoins that the members

19 of the Board of Directors are employees based on their duties at the

20 District.  (Pl.'s Opp'n at 2.)  The District contends that whether the

21

22 [3]     In 2004, the District employed seven individuals on either a
full or part-time basis in twenty or more weeks; the District and
23 Plaintiff agree these individuals are "employees" for purposes of the
ADA.  (SUF ¶¶ 13-14.)  Plaintiff also asserts the Recording Secretary
24 and the five members of the Board of Directors should be considered
employees under the ADA, (SUF ¶¶ 16, 19), but since addition of these
25 six individuals would not equal fifteen employees, this issue need not
be reached.
26

27 [4]     Plaintiff also contends two other individuals should be
considered employees, (Pl.'s Opp'n at 1-2), but since addition of
28 these two individuals would not equal fifteen employees, this issue
need not be reached.

3

1  members of the Board of Directors are employees for purposes of the

2  ADA, and whether these members are employees or employers, should be

3  determined under "the [g]eneral law of agency . . . ."  (Def.'s Reply

4  at 1-2, 5.)

5            In Clackamas, the Supreme Court observed that the definition

6  of an employee under the ADA "qualifies as a nominal definition that

7  is completely circular and explains nothing."  538 U.S. at 444

8  (citation and quotation marks omitted).  The Supreme Court stated

9  "that when Congress has used the term 'employee' without defining it,

10 we have concluded that Congress intended to describe the conventional

11 master-servant relationship as understood by common-law agency

12 doctrine."  Id. at 445 (citation omitted).  The Supreme Court found

13 that the common law "definition of the master-servant relationship"

14 provides "helpful guidance" in the context of the ADA, and that the

15 "relevant factors defining the master-servant relationship focus on

16 the master's control over the servant."  Id.  The Supreme Court

17 articulated six factors that are helpful for determining whether a

18 director should be considered an employer or an employee for purposes

19 of the ADA, but emphasized "that the common law element of control is

20 the principal guidepost that should be followed" when making this

21 determination.[5]  Id. at 449-50.

22 _____

23      [5]     The six factors articulated by the Supreme Court are:
                 [1] Whether the organization can hire or
24               fire the individual or set the rules and
                 regulations of the individual's work[,]
25               [2] Whether and, if so, to what extent
                 the organization supervises the
26               individual's work[,]
                 [3] Whether the individual reports to
27               someone higher in the organization[,]
                 [4] Whether and, if so, to what extent
28
                                              (continued...)

1    Although the parties dispute the exact role of the members

2 of the Board of Directors and what influence, if any, they had over

3 the day-to-day activities of the District, both parties agree that the

4 five members of the Board of Directors did not respond to anyone

5 higher in the District hierarchy or to any superior body.  (SUF ¶ 27.)

6 The relevant inquiry is whether the members of the Board of

7 "[D]irectors operate independently and manage the business or instead

8 are subject to the [District's] control."  Clackamas, 538 U.S. at 448.

9 The members of the Board of Directors did not report to a higher

10 authority within the business; therefore, they were not subject to the

11 District's control.  Consequently, the five members of the Board of

12 Directors were not employees for the purposes of the ADA and the

13 District did not employ fifteen or more employees in 2005.

14    Since no genuine issue of material fact exists as to whether

15 the District employed fifteen or more employees in 2005, the motion

16 for summary judgment on Plaintiff's ADA discrimination claim is

17 granted.[6]

18

19    [5](...continued)
              the individual is able to influence the
20            organization[,]
              [5] Whether the parties intended that
21            the individual be an employee, as
              expressed in written agreements or
22            contracts[,]
              [6] Whether the individual shares in the
23            profits, losses, and liabilities of the
              organization.
24 Clackamas, 538 U.S. at 449-450.
25

26    [6]    In a footnote, the District moves "in the alternative" to
dismiss Plaintiff's ADA claim under Rules 12(b)(1) and 12(b)(6) of the
27 Federal Rules of Civil Procedure "because Plaintiff's Complaint is
devoid of any allegation regarding the number of employees he claims
28 [the District] had."  (Def.'s Mot. at 4 n.1.) Since the motion for
summary judgment has been granted, this argument need not be reached.

5

1  II.  Title VII

2        The District argues Plaintiff cannot maintain a Title VII

3  retaliation claim because the District did not employ the statutory

4  minimum number of employees required to qualify as a covered employer

5  under Title VII.  (Def.'s Mot. at 11.)  Like the ADA, the retaliation

6  provisions of Title VII "appl[y] to an employer only if that employer

7  employs [fifteen] or more employees."  Anderson v. Pacific Maritime

8  Ass'n, 336 F.3d 924, 929 (9th Cir. 2003) (citing 42 U.S.C. § 2000e(b),

9  and Clackamas, 538 U.S. at 441 n.1).  Title VII also defines an

10 employee as "an individual employed by an employer," but unlike the

11 ADA, Title VII excludes from that definition any individual who is

12 "elected to public office in any State or political subdivision of any

13 State by the qualified voters thereof . . . or an appointee on the

14 policy making level . . . ."  42 U.S.C.A. § 2000e(f); see also

15 Goldsmith v. City of Atmore, 996 F.2d 1155, 1162 n.10 (11th Cir. 1993)

16 (noting the definition of "employee" under Title VII excludes elected

17 and appointed officials); Starrett v. Wadley, 876 F.2d 808, 814 (10th

18 Cir. 1989) (same); Teneyuca v. Bexar County, 767 F.2d 148, 151 (5th

19 Cir. 1985) (same).[7]

20        The parties agree all five members of the Board of Directors

21 were either appointed or elected to their positions.  (SUF ¶ 18.)

22 Plaintiff concedes the five board members cannot be considered

23 ───────────────────

24        [7]    An examination of the legislative history surrounding the
   enactment of the ADA reveals that Congress adopted or incorporated by
25 reference several definitions contained in Title VII into the ADA, but
   deliberately chose not to include the elected official exception
26 contained in Title VII.  See H.R. Rep. No. 101-485 (II) at 336 (1990)
   (reprinted in 1990 U.S.C.C.A.N. 303, 336) (observing "[t]he exception
27 set out in Title VII . . . for elected officials . . . has been
   deleted"); H.R. Rep. No. 101-485 (II), at 455 (1990) (reprinted in
28 1990 U.S.C.C.A.N. 445, 455) (stating "[t]he exception set out in Title
   VII for elected officials . . . is not incorporated in the ADA").

1 employees under the definitions set forth in Title VII, and

2 acknowledges that when these individuals are excluded from the total

3 number of persons who worked for the District during the relevant time

4 period, the District employed less than fifteen employees.  (Pl.'s

5 Opp'n at 20.) Since Plaintiff cannot maintain a Title VII claim

6 against the District, its motion for summary judgment on Plaintiff's

7 retaliation claim is granted.[8]

8 III.  Section 1983

9        The District argues Plaintiff cannot maintain a section 1983

10 claim because "a cause of action under the ADA itself does not exist"

11 and "Plaintiff cannot use [section] 1983 as a conduit to the ADA"

12 under such circumstances.  (Def.'s Mot. at 11.)  Defendant

13 misconstrues the nature of the section 1983 claim; the claim is not

14 predicated upon a violation of the disability discrimination

15 provisions of the ADA, but rather upon a violation of the procedural

16 due process clause of the Fourteenth Amendment for "firing [Plaintiff]

17 without notice and a meaningful opportunity to be heard . . . ."

18 (Pl.'s First Am. Compl. ¶¶ 16-17.)  When conduct violates both the ADA

19 as well as rights derived from another source, such as the

20 Constitution, a plaintiff may maintain a claim under both the ADA and

21 ───────────────

22        [8]     Plaintiff requests that the citation to Title VII in his
   Complaint be deemed "amended to refer instead to [the ADA]," or
23 alternatively "requests leave to file an Amended Complaint with that
   change pursuant to Rule 15(a)."  (Id.)  However, the Status (Pretrial
24 Scheduling) Order ("Status Order") issued May 24, 2006, stated "[n]o
   further . . . amendments to pleadings is permitted . . . ."  (Status
25 Order at 1.)  Once a scheduling order establishes a deadline for
   amendment of the pleadings, modification of that deadline is governed
26 by the "good cause" standard of Rule 16(b).  Johnson v. Mammoth
   Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Since Plaintiff
27 has not demonstrated that modification of the Scheduling Order is
   proper under Rule 16, his request to deem his Complaint amended and
28 his request for leave to file an amended complaint are denied.

1 section 1983.  See Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir.

2 1989) (stating that if "a plaintiff can show a constitutional

3 violation by someone acting under color of state law, then the

4 plaintiff has a cause of action under section 1983, regardless of

5 Title VII's concurrent application"); Day v. Wayne County Bd. of

6 Auditors, 749 F.2d 1199, 1205 (6th Cir. 1984) (stating that "[w]here

7 an employee establishes employer conduct which violates both Title VII

8 and rights derived from another source-the Constitution or a federal

9 statute . . . the claim based on the other source is independent of

10 the Title VII claim, and the plaintiff may seek the remedies provided

11 by [section] 1983 in addition to those created by Title VII"); cf.

12 Meade v. Merchants Fast Motorline, Inc., 820 F.2d 1124, 1127 (10th

13 Cir. 1987) (stating a "plaintiff may properly pursue his cause of

14 action under [section] 1981 for private employment discrimination

15 despite the applicability of Title VII to the same conduct").

16 Therefore, the District's motion for summary judgment on Plaintiff's

17 section 1983 claim is denied.

18 IV.   State Claims

19         The District argues that Plaintiff's remaining state claims

20 must be dismissed for lack of subject matter jurisdiction because

21 "with all [federal] claims failing, so does this Court's subject

22 matter jurisdiction."  (Def.'s Mot. at 12.)  However, a federal claim

23 remains and supplemental jurisdiction exists over the state claims

24 under 28 U.S.C. § 1367.

25                            CONCLUSION

26         For the stated reasons, the District's motion for summary

27 judgment on Plaintiff's ADA and Title VII claims are granted, but its

28

1  motion for summary judgment on Plaintiff's section 1983 claim is

2  denied.

3           IT IS SO ORDERED.

4  Dated:  September 13, 2006

5

6                                    /s/ Garland E. Burrell, Jr.
                                     GARLAND E. BURRELL, JR.
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28