IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS L. PARKER,  )
                   )   2:06-cv-340-GEB-KJM
         Plaintiff, )
                   )
    v.             )   ORDER[*]
                   )
YUBA COUNTY WATER DISTRICT, )
                   )
         Defendant. )
_____)

        Pending are cross motions for summary judgment on Plaintiff's fourth cause of action in which Plaintiff alleges under 42 U.S.C. § 1983 that Defendant violated his procedural due process rights when terminating Plaintiff from his employment position ("due process claim").

## BACKGROUND

        Plaintiff began working as the General Manager of the Yuba County Water District ("the District") in 1984. (Def.'s Statement of Undisputed Facts ("Def.'s SUF") ¶ 3.) After approximately six months, the District changed his work status to "permanent." (Id. ¶¶ 3-4.)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  Plaintiff took a disability leave of absence from work in June of
2  2005.  (Pl.'s Statement of Undisputed Facts ("Pl.'s SUF") ¶ 10.)
3  Plaintiff's physician extended Plaintiff's disability leave until
4  December 15, 2005.  (Id. ¶ 16.)  Plaintiff's physician provided a
5  letter to the District outlining proposed accommodations for Plaintiff
6  before he could return to work and stating he would release Plaintiff
7  to return to work with or without the accommodations.  (Id. ¶ 19.)
8  The District Board voted in a closed session to end Plaintiff's
9  employment with the District on December 8, 2005.  (Id. ¶ 20.)  After
10 his termination, Plaintiff brought this action against the District
11 asserting inter alia claims of discrimination, a denial of his
12 procedural due process rights, and various state law claims.  (Pl.'s
13 Am. Compl. ¶¶ 13-23.)

DISCUSSION

I.  Procedural Due Process[1]

Plaintiff moves for summary judgment on his due process claim, arguing he had a "constitutionally protected property right in his continued employment" and that Defendant fired him "without providing the minimum due process required by law."  (Pl.'s Mot. at 2:8-9, 3:25-26.)  Defendant also moves for summary judgment on this claim arguing Plaintiff had no property interest in continued employment with the District since he was an at-will employee, and therefore, "Plaintiff ha[d] no due process right to be heard at the time of his termination."  (Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 2:19-22.)

---

[1] The standards for summary judgment are well known and need not be repeated here.

1          A "procedural due process claim hinges on proof of two
2 elements: (1) a protectible liberty or property interest . . . and (2)
3 a denial of adequate procedural protections."  Foss v. Nat'l Marine
4 Fisheries Serv., 161 F.3d 584, 588 (9th Cir. 1998).
5          Plaintiff asserts he had a protectible property interest
6 because he had an employment contract with the District which provided
7 he could only be terminated for good cause.  (Pl.'s Mot. at 5-6.)
8 Defendant contends Plaintiff had no property interest in continued
9 employment because "Plaintiff held his position pursuant to a statute
10 which made him 'at will' and the law clearly holds that status can
11 never be changed."  (Def.'s Opp'n at 7:23-24.)
12          "[I]t is well settled in California that public employment
13 is not held by contract but by statute and that, insofar as the
14 duration of such employment is concerned, no employee has a vested
15 contractual right to continue in employment beyond the time or
16 contrary to the terms and conditions fixed by law."  Miller v. State
17 of Cal., 18 Cal. 3d 808, 813 (1977); see also Watson v. Dep't of
18 Rehab., 212 Cal. App. 3d 1271, 1287 (1989); Kemmerer v. County of
19 Fresno, 200 Cal. App. 3d 1426, 1432 (1988).  "Indeed, the statutory
20 provisions controlling the terms and conditions of civil service
21 employment cannot be circumvented by purported contracts in conflict
22 therewith."  Miller, 18 Cal. 3d at 813.
23          Plaintiff's position as general manager was created by
24 California Water Code section 30542, which states "[t]he general
25 manager . . . shall . . . receive the compensation determined by the
26 board and shall serve at its pleasure."  "A public employee serving at
27 the pleasure of the appointing authority-whether he be a 'permanent'
28 employee . . . or any other kind of public employee serving on this

3

basis-is by the terms of his employment subject to removal without judicially cognizable good cause." Bogacki v. Bd. of Supervisors, 5 Cal. 3d 771, 783 (1971).

Since California law holds that Plaintiff's position was governed by statute and not by contract, Plaintiff was merely an "at will" employee. When employment is at-will under California statutory law "the claimant has no property interest in the job." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). Therefore, "[a]n action under the Due Process Clause cannot lie for [Plaintiff's] termination." Id. at 905. Accordingly, Defendant's motion for summary judgment is granted and Plaintiff's motion is denied.

## II.  Remaining State Law Claims

Defendant moves for dismissal of Plaintiff's state law claims since no federal claims remain. (Def.'s Mot. at 8:12-15.) Plaintiff does not respond to this argument.[2]

Under 28 U.S.C. § 1367(c)(3), when all federal claims are eliminated before trial, the decision can be reached whether supplemental jurisdiction should continue being exercised over remaining state law claims. Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). "[W]hen deciding [this issue], a federal court should consider and weigh in each case, . . . the values of judicial economy, convenience, fairness, and comity."

---

[2] Plaintiff did not specify whether his hostile work environment claim was brought under Title VII, the California Fair Employment and Housing Act, or some other state statute. (See Pl.'s First Am. Compl. ¶ 21.) The Court assumed in its last summary judgment Order that this claim was based on state law. (Sept. 14, 2007, Order at 2 n.1.) A complaint is required to include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8. Plaintiff's First Amended Complaint does not allege a basis for federal jurisdiction over Plaintiff's hostile work environment claim and therefore, it is deemed alleged under state law.

City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). However, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, Plaintiff's state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3) as of the date on which this order is filed.

IT IS SO ORDERED.

Dated: March 14, 2007

GARLAND E. BURRELL, JR.
United States District Judge