IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. PARKER,<br><br>       Plaintiff,<br><br>  v.<br><br>YUBA COUNTY WATER DISTRICT,<br><br>       Defendant. | 2:06-cv-340-GEB-KJM<br><br>ORDER* |

    Plaintiff moves to set aside $4674.17 taxed as costs in this action, arguing inter alia that "an award of costs is inappropriate in view of [his] financial condition." (Not. of Mot. at 2:1-2.) Defendant opposes this motion.

    Defendant, as the prevailing party, filed a bill of costs for costs necessarily incurred in defending this action. (Req. for Costs at 1.) Defendant requested $5149.27 and the Clerk approved $4674.17 in costs pursuant to Local Rule 54-292. (Bill of Costs at 1.)

---

  * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Plaintiff contends the $4674.17 in costs taxed should be reduced or denied altogether because he "has very limited financial resources." (Pl.'s Mot. at 3:24.) Defendant rejoins that considering Plaintiff's assets and income, "he can surely afford to pay [Defendant] for the less than $5000 in taxed costs it incurred in defending this action." (Def.'s Opp'n at 6:5-7.)

Plaintiff declares he is 61 years old and that he and his wife should not bear the hardship of the costs award in light of their financial and health condition. (Parker Decl. ¶ 1.) He further declares he has "a disability, chronic depression, anxiety, and related disorders" and he has not been employed since he was terminated in December of 2005. (Id.) Plaintiff's wife is also not employed. (Id.) Plaintiff has financial assets, but declares they are needed to support him and his wife. (Id.) Plaintiff had $100,000 in his pension account when he was terminated. (Id. ¶ 3.) He withdrew the entire amount and used $30,000 to pay his attorney, $25,000 to pay his credit card debt, and exhausted the remaining $45,000 paying his living expenses through 2006. (Id.) Plaintiff received $17,000 in disability benefits from the state of California after he was terminated, but is no longer receiving these benefits. (Id. ¶ 2.) Plaintiff made $10,000 through his gold mining hobby from August 2006 through May 2007. (Id. ¶ 4.) Plaintiff explains he expects to begin receiving pension benefits of $700 - $800 a month, but these benefits have not yet started. (Id. ¶ 5.) Plaintiff owns his home and has a first and second mortgage on the home with little equity. (Id. ¶ 7.) Plaintiff inherited some property appraised at $125,000 which he is attempting to sell. (Id. ¶ 8.) However, Plaintiff declares he will need the proceeds from this sale "to live

on." (Id.)  Plaintiff has personal property with an estimated value of $9000.  (Id. ¶ 9.)   Plaintiff has no other source of income.  (Id. ¶ 1.)

Further, Plaintiff paid $731 for health insurance each month through June 2007.  (Id. ¶ 6.)  At the time Plaintiff filed his declaration he was unsure what he and his wife would do for health insurance since Plaintiff's COBRA expired in June 2007.  (Id.)  Since Plaintiff and his wife both have serious health problems, he declares they "do not know how [they] are going to provide for [their] health care needs."  (Id.)

"[T]he losing party's limited financial resources" is a valid reason for refusing to award costs.  Ass'n of Mexican-American Educators v. State of Cal., 231 F.3d 572, 592 (9th Cir. 2000). Here, Plaintiff and his wife both have health problems, lack health insurance, and are unemployed.  Their only potential source of consistent income will be Plaintiff's pension benefits of no more than $800 each month.  Plaintiff's previous health insurance cost $731 each month and therefore, it appears Plaintiff's pension benefits will likely cover no more than their health care costs.  Although Plaintiff inherited property valued at $125,000, if Plaintiff is successful in selling the property, it appears Plaintiff will need the proceeds for living expenses.  To pay the $4674.17 in taxed costs, Plaintiff would have to expend a significant portion of his current available assets, which are used to cover Plaintiff and his wife's basic needs.  (Parker

///

///

///

///

3

Decl. ¶ 11.)  For the stated reasons, the taxation of costs is vacated and costs are denied.

IT IS SO ORDERED.

Dated:  July 27, 2007

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```