IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS L. PARKER,  )
           Plaintiff,  )  2:06-cv-340-GEB-KJM
      v.  )  <u>TENTATIVE RULING ISSUED IN</u>
                        )  <u>ADVANCE OF MARCH 9, 2009</u>
YUBA COUNTY WATER DISTRICT,  )  <u>HEARING</u>
           Defendant.  )
_____)

        Plaintiff moves for a permanent injunction which would require Defendant to reinstate Plaintiff to the position of General Manager of the Yuba County Water District (the "District") and to pay Plaintiff back-pay with interest from the day he was terminated from this position. Plaintiff argues this injunction is authorized by the Ninth Circuit's remand order, filed January 28, 2009, in which the Ninth Circuit held Plaintiff's termination from the position violated his procedural due process rights and remanded the case "for further proceedings as to remedy." Additionally, Plaintiff argues that his state-law based discrimination claims, which were dismissed under 28 U.S.C. § 1367(c)(3), should be scheduled for jury trial. (Pl. Mot. at

1

10:2-5; Reply at 9:15-19.)  Defendant opposes Plaintiff's reinstatement, arguing the proper remedy is a post-termination hearing before a neutral third party.  Defendant failed to respond to Plaintiff's argument concerning his state law claims.

Plaintiff has not shown entitlement to the "extraordinary equitable remedy" of reinstatement.  Burton v. Cascade School Dist., 512 F.2d 850, 853 (9th Cir. 1975).  The appropriate remedy for Plaintiff's termination from his position without due process "is to order the process that was due" and to provide Plaintiff with a full post-termination hearing.  Brady v. Gebbie, 859 F.2d 1543, 1551 (9th Cir. 1988).  The parties agree that a post-termination hearing should be conducted before an "impartial decision maker" rather than the District.  Levine v. City of Alameda, 525 F.3d 903, 906 (9th Cir. 2008)(affirming district court's order that the post-termination hearing be held before an "impartial decision maker" because the extensive litigation between the parties prevented the City from being neutral).  Therefore, Plaintiff's remedy of a post-termination hearing is remanded and an independent adjudicating body or "neutral third party" shall conduct "a full evidentiary hearing" to determine whether Plaintiff was properly terminated.  Id.  Defendant "shall bear all costs for the neutral arbiter."  Levine v. City of Alameda, 2006 WL 83051 *7 (N.D. Cal. 2006).

Since granting summary judgment in Defendant's favor on Plaintiff's federal procedural due process claim was erroneous, the dismissal of Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3) was erroneous.  Therefore, jurisdiction is resumed over those claims.  However, a jury trial will not be scheduled for Plaintiff's state claims as Plaintiff requests.  The action will be stayed "in order to

2

give preliminary deference to [the neutral third party]"; and because Plaintiff's indication that "further judicial proceedings are contemplated" is uncontradicted. <u>Shapiro by & Through Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 152 F.3d 1159, 1160 (9th Cir. 1998)(holding when further judicial proceedings are contemplated, jurisdiction should be retained by a stay, rather than relinquished by a dismissal).

Dated: March 4, 2009

GARLAND E. BURRELL, JR.
United States District Judge

3