IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DENNIS L. PARKER,              )
                               )
          Plaintiff,           )  2:06-cv-340-GEB-KJM
                               )
     v.                        )  ORDER
                               )
YUBA COUNTY WATER DISTRICT,    )
                               )
          Defendant.           )
                               )
```

Plaintiff moves for a permanent injunction which would require Defendant to reinstate him to the position of General Manager of the Yuba County Water District (the "District") and pay him back pay with interest from the day he was terminated from this position. Plaintiff argues this injunction is authorized by a Ninth Circuit remand order filed January 28, 2009, in which the Ninth Circuit held the "termination procedure [used to terminate Plaintiff from his position] did not afford [him] the procedural safeguards provided by the due process clause[;]" therefore, this case

was remanded "for further proceedings as to remedy." Defendant opposes Plaintiff's reinstatement, arguing the proper remedy is a post-termination hearing before a neutral third party.

Plaintiff also argues his compensatory damage claims, which comprise his claim for back pay and general damages for emotional distress, and his state-law claims, should be scheduled for jury trial; he argues this should happen regardless of the remedy employed to redress deprivation of his right to procedural due process. (Pl. Mot. at 10:2-5; Reply at 9:15-19.)

Plaintiff has not shown entitlement to the "extraordinary equitable remedy" of reinstatement. Burton v. Cascade School Dist., 512 F.2d 850, 853 (9th Cir. 1975). The appropriate remedy for Plaintiff's termination from his position without being "afford[ed] the procedural safeguards provided by the due process clause" "is to order the process that was due" by providing Plaintiff with a full post-termination hearing. Brady v. Gebbie, 859 F.2d 1543, 1551 (9th Cir. 1988)(stating "the appropriate remedy for deprivation of a liberty and/or property interest without due process is to order the process that was due and any attendant damages which directly resulted from the failure to give the proper procedure"). Therefore, Plaintiff's remedy of a post-termination hearing is remanded for a "full evidentiary hearing" before a "neutral third party" for the purpose of determining whether Plaintiff was fit for duty with or without reasonable accommodation when he was terminated on December 8, 2005. Levine v. City of Alameda, 525 F.3d 903, 906 (9th Cir. 2008)(affirming district court's order remanding post-termination hearing to a "neutral third party" for a "full evidentiary hearing").

Defendant "shall bear all costs for the neutral [third party]." Levine v. City of Alameda, 2006 WL 83051 *7 (N.D. Cal. 2006).

The parties dispute whether Plaintiff's claimed back pay award should also be remanded to a neutral third party. It has not been shown this issue should be remanded. Whether Plaintiff receives compensatory damages, including back pay, are issues that can only be reached after a neutral third party determines the propriety of Plaintiff's termination. See Jones v. Los Angeles Community College Dist., 702 F.2d 203, 207 (9th Cir. 1983)(indicating where a "dismissal is upheld in the evidentiary hearing, [Plaintiff] may not recover for injuries relating to [his] loss of employment."); Vanelli v. Reynolds School Dist., 667 F.2d 773, 781 (9th Cir. 1982)(stating "compensable damages for a [procedural due process] violation include mental and emotional distress actually caused by the denial of procedural due process, not that distress attributable to the justified deprivation"; and holding an award of "lost employment benefits" is improper when the "termination itself was justified") (citing Carey v. Piphus, 435 U.S. 247, 260, n. 15 (1978))). Therefore, a jury trial on Plaintiff's damage issues will not be scheduled before the remanded issue is decided by a neutral third party.

Further, a jury trial will not be scheduled for Plaintiff's state claims as Plaintiff requests since the action should be stayed "in order to give preliminary deference to [a neutral third party]." Shapiro by & Through Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 152 F.3d 1159, 1160 (9th Cir. 1998)(holding when further judicial proceedings are contemplated, jurisdiction should be retained by a stay).

For the stated reasons, a "neutral third party" shall decide whether Plaintiff was fit for duty with or without reasonable accommodation when he was terminated on December 8, 2005. The parties shall select a neutral third party within seven days of the date on which this Order is filed. The remaining issues are stayed until the remanded issue is decided.

Dated: March 25, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge