IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS L. PARKER,           )
                            )   2:06-cv-00340-GEB-KJM
            Plaintiff,      )
                            )   <u>TEMPORARY RESTRAINING</u>
      v.                    )   <u>ORDER</u>
                            )
YUBA COUNTY WATER DISTRICT, )
                            )
            Defendant.      )
_____)

        Plaintiff Dennis L. Parker's application for a temporary restraining order ("TRO") was heard July 8, 2009, commencing at 1:30 p.m.  Joseph E. Malone appeared for Parker.  Robert Greenfield appeared for defendant District.  Parker seeks to enjoin the District's Notice of Termination dated June 22, 2009 ("Notice of Termination"), in which the District proposed to terminate him from employment with the District, required him to respond allegations in the Notice of Termination by a certain date, and stated his termination would be effective July 7, 2009.

        Parker argues this Notice of Termination is contrary to this Court's Order filed March 26, 2009, in which this case was stayed except for a matter remanded to a neutral third party for an evidentiary hearing.  The District's arguments in response to Parker's position at the TRO hearing were unpersuasive, and failed

to explain why Parker had an obligation to respond to the Notice of Termination, under the circumstances here where the District contends Parker "was terminated from his employment [with the District] in October 2005"; and where the March 26, 2009 Order stayed this case except for a remanded matter. (District's Opp at 2:8-9.) Further, the District failed to provide authority explaining why the stay issued in this case did not justify Parker's failure to respond to the Notice of Termination, and how the District could terminate Parker when it takes the position that Parker had no employment relationship with the District in year 2009.

Based on Parker's showing in his motion, Parker's time to respond to any proposed District action or to request a hearing on such action is suspended, and the District's purported action terminating Parker effective July 7, 2009, is contrary to the stay of this action and is therefore not the effective date of Parker's termination. In addition, the District shall not take further steps in connection with its proposed personnel action against Parker until further Order of this Court.

A preliminary injunction hearing is currently calendared for August 3, 2009, commencing at 9:00 a.m. No bond will be required.

Dated: July 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge